DORNAN, Admr., Plaintiff-Appellant, v. YAVORSKY et, Defendants-Appellees.

Ohio Appeals, Seventh District, Mahoning County.

No. 3251.

William E. Lewis, Joseph C. Miller, Youngstown, for plaintiff-appellant.

Henry C. Church, D. Pauline Church, Youngstown, for defendants-appellees.

## OPINION

By BUCKLEY, J.

This action is presented to the court of appeals on questions of law. From the pleadings and the evidence as recited in the bill of exceptions the plaintiff-appellant sought to recover under a promissory note executed by the defendants-appellees on January 18, 1930, in the amount of $4740.00 with interest. The note was due and payable five years after date.

In the answers filed the defendants admit the execution of the note and allege two defenses: First, that it was agreed between plaintiff and the defendant that the note would be satisfied by care and services rendered to the deceased plaintiff at the time of her death; and second, that in the event the first defense was not proved that substantial payments had been made upon the obligation in cash and in agreed services.

In the trial of the case, the jury found for the defendants and from the examination of the verdict evidently found that the first defense, the agreement of satisfaction for services rendered to the plaintiff to the time of her death, was the true fact.

The plaintiff-administrator-appellant files his appeal on questions of law on the following assignments of error, to-wit:—

"1. That the trial court erred in overruling this plaintiff-appellant's motion for a new trial.

"2. That the verdict of the jury and the judgment of the trial court were manifestly against the weight of the evidence.

"3. That the verdict of the jury and the judgment of the trial court is contrary to law.

"4. That the trial court erred in the admission of evidence over the objections and exceptions of this plaintiff-appellant.

"5. For other errors of law apparent on the face of the record."

As developed in the brief of plaintiff-appellant, the assignments of error may be substantially reduced to the following: That the verdict of the jury and the judgment of the trial court is against the weight of the evidence and contrary to law; and second, that the trial court erred in the admission of evidence over the objections and exceptions of this plaintiff-appellant. The principal error claimed in ·the brief of the plaintiff-appellant is that the trial court erred in the admission of evidence over the objections and exceptions of the plaintiff-appellant.

In consideration of this assignment of error, the plaintiff-appellant stresses the claimed error that the testimony of Helen Yavorsky, Mary Farcus and Sophie Fabish, daughters of the defendant Adolphia Yavorsky and granddaughters of deceased Catherine Radesky, should not have been admitted, and the admission of the same over the objections and exceptions of the plaintiff-appellant constituted error on the part of the trial court.

This court does not find the exception well taken. It is the opinion of the court of appeals that the testimony of the named granddaughters should have been admitted to evidence, and that their testimony was a matter to be considered by the jury in weighing it and in giving to it the proper consideration.

This court cites with approval the law as set forth in the defendants-appellees' brief, to-wit: Stephens v. Seaboard National Bank, Exr., decided by the court of appeals of Cuyahoga county in 1925 and set forth in **4 Abs 190.** The syllabus reads:—

"Declarations and admissions against interest made to others than a party to the action by a person since deceased, should receive consideration of court and be admitted in evidence in proving an agreement."

We also approve the statement of law set forth in **5 Abs 480, Weber v. Longenbach,** decided by the Sixth District Court of Appeals as follows:—

"Exclusion of testimony as to statement made by deceased releasing defendant from liability, such statement being an admission against interest, is prejudicial error."

A consideration of these two cases shows that the courts of Ohio have passed upon this question both in an affirmative and a negative manner. In the Stephens case the Cuyahoga County Court of Appeals has held that the admission of such evidence is proper, and the Sixth District Court of Appeals has held that the exclusion of such evidence is prejudicial error. It is the opinion of this court that the law is decided on this question, and that the admission of the testimony of the granddaughters of the deceased Catherine Radesky was proper for the consideration of the jury, and that the weight to be given to such testimony, under proper instruction, was not prejudicial error in this case.

On the question of the assignment of error as to the weight of the evidence and the law we feel that the trial court did not err in the admission of testimony or in the exclusion thereof; that all questions were properly before the jury under good and sufficient instructions of the trial judge; and that the question of the weight of the evidence was properly considered by the jury; and that the decision of the same is not contrary to the weight of the evidence nor contrary to law.

For these reasons this court affirms the judgment of the trial court; and finds that the trial court did not err in overruling the motion of the plaintiff-appellant for the cited reasons that the verdict of the jury and the judgment of the court were contrary to the weight of the evidence or contrary to law.

PHILLIPS, PJ, concurs in judgment.
NICHOLS, J, concurs.